# ARMOUR *v.* FLOOK.

---

AMENDMENT; AFFIDAVIT; DECLARATION; SEVENTY-THIRD RULE.

1. The trial court under sec. 399, D. C. Code (31 Stat. at L. 1252, chap. 854), has authority to allow the filing by the plaintiff of a substitute affidavit in support of his declaration.

2. After a defendant has appeared, the granting of additional time to plead and leave to amend affidavits filed under the 73d rule is within the discretion of the trial court.

3. Where the trial court has permitted the plaintiff to file a substitute affidavit in support of his declaration, after the filing by defendant of pleas unaccompanied by an affidavit of defense, and the defendant declines to file an affidavit of defense, the court is justified in entering judgment for the plaintiff under the 73d rule of the court.

No. 2867. Submitted January 7, 1916. Decided February 7, 1916.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia for want of an affidavit of defense in an action on a promissory note.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from judgment rendered on motion under the 73d rule of the supreme court of the District of Columbia.

The appellees, Cyrus F. Flook, George D. Gaver, John C. Leatherman, et al., as plaintiffs, brought the action against defendants to recover on a note for $5,000, executed and delivered by them.

The first count of the declaration sets out the note and its execution, and failure of payment. The second count contained the common money counts.

Annexed to this declaration filed March 29, 1915, was an affidavit by plaintiffs' counsel, which stated the indebtedness of the defendants in the sum of $5,000, as shown in the particulars of demand, and that the same was due and unpaid, with interest, from the 1st day of January, 1915, exclusive of all set-offs and just grounds of defense.

But one of defendants, Robert Armour, filed pleas, which was that he had never promised and that he is not indebted as alleged. No affidavit of defense was filed therewith.

April 29, 1915, plaintiffs moved the court for judgment against Armour, which was denied on June 11, 1915, but, upon motion, granted plaintiffs leave to file a substitute affidavit within five days.

Within the time allowed, plaintiffs filed the substitute affidavit, setting out the note as signed, executed, and delivered by the defendants, and that the said note was delivered to the plaintiffs prior to maturity, and that they are now indebted to plaintiffs in the sum of $5,000, with interest from January 1, 1915, exclusive of all set-offs and just grounds of defense.

Motion for judgment on this affidavit was entered, the court denying the same June 23, 1915, without prejudice.

July 1, 1915, plaintiffs renewed their motion for judgment on the foregoing affidavit, and the court, reciting in its order that the defendant Armour, by his attorney, declined to file an affidavit of defense, rendered judgment against all of the defendants for the said sum of $5,000, with interest from January 1, 1915.

Armour alone has appealed.

*Mr. E. C. Brandenburg, Mr. C. A. Brandenburg,* and *Mr. F. W. Brandenburg* for the appellant.

*Mr. B. H. Warner, Jr.,* and *Mr. A. Coulter Wells* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

In his assignments of error he denies the authority of the court to enter a judgment before the expiration of twenty days after the substitute affidavit was filed, and also objects to the sufficiency of the said affidavit.

There was no error in the judgment. The order to substitute the affidavit was expressly authorized by the District Code, sec. 399 [31 Stat. at L. 1252, chap. 854]. The defendant had filed his pleas within the time permitted by the rules, and, when called on by the court, declined to file an affidavit of defense.

After the appearance of defendant, the granting of additional time to plead and leave to amend affidavits was within the discretion of the court.

Defendant asked no further time to plead, gave no reason therefor, and refused to file an affidavit when the motion was called.

The judgment was right and is affirmed, with costs.

*Affirmed.*